DORLAND REALTY CORPORATION, Appellant, v. ARVILLE M. TURNER, Respondent, Impleaded with RELIABLE PAINTING AND DECORATING CORPORATION and Another, Defendants. DORLAND REALTY CORPORATION, Plaintiff, v. ARVILLE M. TURNER, Appellant, and LOUIS F. MENTZ, Respondent. ARVILLE M. TURNER, Appellant, v. EFFICIENT BUILDING CORPORATION and Another, Defendants. EDWARD TURNER, as Receiver, Appellant; LOUIS F. MENTZ, Respondent.— The appeals in the above-entitled actions are consolidated by order of the court. (a) Resettled order dated December 3, 1931, modified so as to provide that the motion be granted to the extent of vacating the order dated April 4, 1931, and that in all other respects it be denied. As so modified the order is affirmed, with ten dollars costs and disbursements to appellant. (1) The Special Term was without authority to direct summarily that the possession of the real property should be turned over to the defendant Turner. If she be entitled to such possession she must obtain it by recourse to authorized means in so far as they are available to her. (Civ. Prac. Act, § 985.) (2) The provision directing Muth to turn over the moneys collected to defendant Turner was improvident, in view of the complicated situation herein. The moneys should be held intact pending the determination, upon the trial of this action, as to which mortgage is the prior lien, at which time there may be a determination of the effect, if any, of such priority upon the right, if any, to these moneys under the assignment of rents of May 29, 1930. (b) Order granting motion of Mentz to direct that moneys in the hands of Muth be turned over to Mentz reversed on the law and the facts, with ten dollars costs and disbursements to the appellant, and the motion denied, with ten dollars costs. (1) The determination as to whom these moneys belong should await a decision upon the trial of the action with respect to which of the two mortgages is the prior lien, so that this fact may be considered, if it has materiality, when the rights of the parties to these moneys are determined under the claim asserted pursuant to the alleged assignment of rents of May 29, 1930. (2) It may be that the deed to Mentz, given pursuant to a judgment of foreclosure and sale, does not operate to invalidate the assignment of rents if it otherwise has validity. The deed was given under a judgment that was defective so far as Turner was concerned. The assignment, if otherwise valid, contemplated the pendency of an action. It may be that the present action, in effect, so far as Turner is concerned, is a continuation of the Mentz action in that it supplements that action by way of remedying the defect as to Turner, and an action to foreclose, therefore, may be deemed still to be pend-

ing within the contemplation of the language contained in the assignment of rents, if that instrument is otherwise valid. Decision of these matters should await the final hearing. (3) Such a hearing should be had to determine the facts and circumstances surrounding that assignment in order that it may be ascertained whether the attack thereon made by Turner is sound. Such an inquiry and the hearing of witnesses in regard thereto are especially needful since recourse to the assignment of rents was not had at the time the abortive motion was made to extend the receivership in the Turner action to the Mentz action. (c) The two orders of December 22, 1931, directing that the moneys collected by the receiver Turner be turned over by him and the plaintiff Turner to Mentz reversed upon the law and the facts, with ten dollars costs and disbursements to appellants, motions denied, and the matter remitted to Special Term with the following directions: (1) The prior order directing the receiver to turn over the moneys to the defendant Turner and discharging said receiver should be vacated in these particulars; (2) testimony should be taken of the respective contentions of the parties herein as to the facts and circumstances under which the assignment of rents of May 29, 1930, was executed, to the end that the validity of that assignment may be determined. Such a hearing, however, should not be conducted until the priority of lien as between the Barnum and the Turner mortgage is decided in the Dorland Realty Corporation v. Turner action; (3) the moneys in the meantime should be held by the receiver pending the determination as to whom they belong. Young, Carswell, Tompkins and Davis, JJ., concur; Lazansky, P. J., concurs in result. Settle order on notice.